## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

FRANK J. SILVA,
　　　　　　Appellant,

　　　　v.

DEPARTMENT OF JUSTICE,
　　　　　　Agency.

DOCKET NUMBER
AT-0752-15-0028-I-1

DATE: June 5, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Frank J. Silva, Yazoo City, Mississippi, pro se.

Jenifer Grundy Hollett, Esquire, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1 　　　The appellant has filed a petition for review of the initial decision, which dismissed his involuntary demotion appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2   The appellant worked for the agency's Bureau of Prisons (BOP) from 1987 to 1992 and beginning again in 1997. *See* Initial Appeal File (IAF), Tab 1 at 14. In June 2011, he accepted a position as a GS-13 Complex Captain at the BOP facility in Yazoo City, Mississippi. *See id*., IAF, Tab 7 at 52. Approximately 4 months later, the appellant requested reassignment to the GS-12 Unit Manager position at the same facility. IAF, Tab 7 at 112. The agency approved and effectuated that request. *Id*. at 114.

¶3   In January 2012, the appellant filed a discrimination complaint with the agency. *Id*. at 52-53. After investigating his allegations, in August 2014, the agency issued a final decision, concluding that the appellant was neither subjected to a hostile work environment nor constructively demoted to the GS-12 Unit Manager position based on race. *Id*. at 13, 24-40.

¶4   In September 2014, the appellant filed the instant Board appeal. IAF, Tab 1. The administrative judge dismissed the appeal without holding the requested hearing. IAF, Tab 12, Initial Decision (ID); *see* IAF, Tab 1 at 2 (hearing request). The administrative judge concluded that the appellant was not entitled to a hearing on jurisdiction because he failed to present a nonfrivolous allegation that his demotion was involuntary. ID at 7.

¶5    The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 3.  The agency has filed a response, to which the appellant has replied. PFR File, Tabs 5, 9.

The administrative judge properly dismissed the appeal for lack of jurisdiction.

¶6    The appellant disputes the administrative judge's conclusion that his demotion was voluntary and outside the Board's jurisdiction.  PFR File, Tab 3 at 15-32.  We find no merit to his arguments.

¶7    The Board lacks jurisdiction over appeals of employees' voluntary actions. *Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 7 (2013).  However, the Board has always recognized that employee-initiated actions that appear voluntary on their face are not always so.  *Id*.  The Board may have jurisdiction over such actions under 5 U.S.C. chapter 75 as "constructive" adverse actions.  *Bean*, 120 M.S.P.R. 397, ¶ 7.  For example, even if an employee applies for and accepts a reduction in grade, that action may nevertheless be appealable to the Board if the employee can show that the agency deprived him of any meaningful choice in the matter.  *Id*. (citing *Jones v. Department of Agriculture*, 117 M.S.P.R. 276, ¶ 15 (2012); *Goodwin v. Department of Transportation*, 106 M.S.P.R. 520, ¶ 15 (2007)).

¶8    One way of overcoming the presumption of voluntariness is by showing that a requested action was the product of coercion by the agency.  *See Staats v. U.S. Postal Service*, 99 F.3d 1120, 1124 (Fed. Cir. 1996).  However, "the doctrine of coercive involuntariness is a narrow one."  *Id*.  "[T]he fact that an employee is faced with an unpleasant situation or that his choice is limited to two unattractive options does not make the employee's decision any less voluntary."  *Id*.  In addition, the test for involuntariness is an objective one, requiring that a reasonable employee in the same circumstances would have felt coerced into acting similarly.  *See generally Conforto v. Merit Systems Protection Board*,

713 F.3d 1111, 1121 (Fed. Cir. 2013) (noting that the standard is an objective one in the context of an alleged resignation).

¶9        Jurisdiction is established in constructive adverse action appeals by showing:  (1) the employee lacked a meaningful choice in the matter; and (2) it was the agency's wrongful actions that deprived the employee of that choice. *Bean*, 120 M.S.P.R. 397, ¶¶ 8-11.  If an appellant makes a nonfrivolous allegation casting doubt on the voluntariness of his action, he is entitled to a hearing at which he must prove jurisdiction by a preponderance of the evidence. *See Harris v. Department of Veterans Affairs*, 114 M.S.P.R. 239, ¶ 9 (2010).  To meet the nonfrivolous standard, an appellant need only plead allegations of fact that, if proven, could show jurisdiction. *Id*.  However, merely pro forma allegations are insufficient to meet the standard. *Id*.

¶10       In determining whether the appellant has made the requisite nonfrivolous allegation, the administrative judge may consider the agency's documentary submissions. *Id*.  Yet, to the extent that the agency's evidence constitutes mere factual contradiction of the appellant's otherwise adequate prima facie showing of jurisdiction, the administrative judge may not weigh evidence and resolve conflicting assertions of the parties, and the agency's evidence may not be dispositive. *Id*.

¶11       Here, the appellant's initial pleading implicated coercion, alleging that his demotion was involuntary due to the agency's "constant harassment and berating" of him over the 4 months leading up to his request for a reduction in grade because he is not an African American.  IAF, Tab 1 at 3.  With the allegation, the appellant included the final agency decision on his complaint of discrimination finding that the record did not support his claim that he was subjected to a hostile work environment or constructively demoted because of his race. *Id*. at 12-29.

¶12       The agency disputed the appellant's allegations and submitted the statements made by relevant parties during the aforementioned discrimination investigation.  IAF, Tab 7.  Subsequently, the administrative judge informed the

appellant of the applicable standards for a constructive adverse action appeal and ordered him to file evidence and argument to meet his burden. IAF, Tab 8. In response, the appellant claimed that one supervisor warned him of possible discipline or demotion if he continued to make mistakes, and another supervisor asked him if he had ever considered taking a demotion, suggesting it might be better for him. IAF, Tab 10 at 2-3. The appellant indicated that he feared what might happen if he did not take the reduction in grade. *Id*. at 3. He described his interactions with supervisors as including "constant and daily barrages and ranting . . . with the constant threat of demotion" to the Unit Manager position he ultimately requested. *Id*.

¶13 Considering the evidence before him, the administrative judge concluded that, even if the events transpired exactly as the appellant alleged, such facts did not amount to nonfrivolous allegations of involuntariness. ID at 5-6. Instead, the administrative judge found that the allegations described, at most, unpleasant circumstances. ID at 6. We agree.

¶14 The appellant argues that the administrative judge failed to consider his claims of discrimination and reprisal as affirmative defenses. PFR File, Tab 3 at 15. However, when discrimination and reprisal are alleged in connection with a determination of voluntariness, it is well settled that such allegations may only be addressed insofar as they relate to the issue of voluntariness. *Markon v. Department of* State, 71 M.S.P.R. 574, 578 (1996). The administrative judge noted that standard in his show cause order, IAF, Tab 8 at 3, and properly applied it in concluding that the appellant failed to nonfrivolously allege that his demotion was involuntary, ID at 4-6.

¶15 Next, the appellant alleges that the administrative judge's decision contains erroneous findings of material facts. PFR File, Tab 3 at 17. Specifically, he disputes the administrative judge's notation that, before coming to the Board, the appellant filed a formal equal employment opportunity complaint and the agency concluded that no discrimination had occurred. *Id*. We are unable to discern any

error in the fact the appellant has identified as incorrect. *Compare id*. (referencing ID at 2 (noting that the agency issued a final decision on the appellant's discrimination complaint finding no discrimination)), *with* IAF, Tab 1 at 12-29 (the final agency decision, finding no discrimination). Moreover, even if the notation did include an error, it is of no consequence. *See* 5 C.F.R. § 1201.115(a) (the Board may grant a petition for review for a factual error of sufficient weight to warrant an outcome different from that of the initial decision). We find that the fact at issue here was merely background information, provided in the decision as part of an introduction to the case. *See* ID at 2.

¶16    Finally, the appellant's petition generally recounts allegations of what he found to be difficult or unpleasant working conditions leading up to his request for a demotion. PFR File, Tab 3 at 16-32. He suggests that the administrative judge failed to consider the totality of the circumstances and erroneously accepted the agency's witness statements as fact. *Id*. at 16, 20. We disagree.

¶17    As discussed above, although the appellant alleged that his demotion was involuntary, the information he provided merely describes a stressful and unpleasant situation, in which he felt unfairly criticized and worried that he might be subjected to future discipline. *See* IAF, Tab 1, Tab 10 at 2-3. We agree with the administrative judge's conclusion that those claims, even if true, are not the type that would cause a reasonable employee in the same circumstances to feel forced into requesting a demotion. *See* ID at 6; *see generally Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 32 (2000) (an employee is not guaranteed a working environment free of stress, unfair criticism, or unpleasant working conditions). Therefore, the appellant's claims do not amount to nonfrivolous allegations of involuntariness. *Compare Baldwin v. Department of Veterans Affairs*, 109 M.S.P.R. 392, ¶¶ 18-20 (2008) (appellant's allegations that the agency unjustifiably threatened him with discipline and conducted unwarranted investigations targeting him did not amount to nonfrivolous allegations that he was coerced into resigning), *with Harris*, 114 M.S.P.R. 239, ¶

11 (appellant was entitled to a jurisdictional hearing based upon an allegation that she accepted a reduction in grade under the threat of a removal action that the agency knew or should have known could not be substantiated); *Swinford v. Department of Transportation*, 107 M.S.P.R. 433, ¶ 15 (2007) (appellant was entitled to a jurisdictional hearing based upon an allegation that he retired only after his supervisor threatened to abolish his job, threatened to make things difficult if he did not retire, placed him on a performance improvement plan 2 weeks after becoming eligible for retirement, and denied his requested sick leave).

¶18        In reasserting that his demotion was involuntary, the appellant has submitted a large amount of evidence that he did not submit below. *See* PFR File, Tab 3, Subtabs A-O.  Generally, the Board will not consider evidence submitted for the first time with the petition for review, absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); 5 C.F.R. § 1201.115.  The Board, however, may consider such evidence if it implicates the Board's jurisdiction and warrants an outcome different from that of the initial decision.  *Schoenig v. Department of Justice*, 120 M.S.P.R. 318, ¶ 7 (2013).  After reviewing the appellant's evidence, we find nothing that warrants a different outcome.  The evidence fails to establish that his requested demotion was involuntary or even nonfrivolously alleges the same.  *See, e.g*., PFR File, Tab 3, Subtab A (the Equal Employment Opportunity Commission's dismissal of the appellant's complaint), Subtab B (correspondence regarding the exchange of pleadings between the appellant, the agency, and the administrative judge), Subtab C (documents related to the appellant's 2011 promotion), Subtab D (organizational charts and position descriptions), Subtab E (salary tables), Subtab F (forms documenting the appellant's demotion), Subtab G (information about Pacific Islanders).  Accordingly, we find that dismissal for lack of jurisdiction, without a hearing, remains appropriate.

### The administrative judge did not exhibit any bias or prejudice against the appellant.

¶19      The appellant alleges that the administrative judge was biased against him. PFR File, Tab 3 at 11-14.  We disagree.

¶20      There is a presumption of honesty and integrity on the part of administrative judges that can only be overcome by a substantial showing of personal bias, and the Board will not infer bias based on an administrative judge's rulings on issues.  *Williams v. U.S. Postal Service*, 87 M.S.P.R. 313, ¶ 12 (2000).  In addition, an administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence a deep-seated favoritism or antagonism that would make fair judgment impossible.  *Simpkins v. Office of Personnel Management*, 113 M.S.P.R. 411, ¶ 5 (2010).

¶21      Among other things, the appellant alleges that the administrative judge's bias is evidenced by his acceptance of the agency's untimely jurisdictional reply. PFR File, Tab 3 at 11-14; *see* IAF, Tab 8 at 1-4 (jurisdictional order setting December 2, 2014, as the deadline for filing the agency's response), Tab 11 (agency's response dated December 4, 2014).  He also alleges that the administrative judge characterized him as "not being cooperative" regarding the exchange of pleadings.  PFR File, Tab 3 at 12.  We find that, even if accepted as true, the appellant's allegations fail to overcome the presumption of honesty and integrity afforded administrative judges.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your appeal to the Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                         _____
                                       William D. Spencer
                                       Clerk of the Board

Washington, D.C.